UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GERMAINE WRENCHER, | ) | Case No. 13-cv-1785 |
| KAZAN WILSON, | ) | |
| and the CITY OF CHICAGO, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Price filed suit on March 7, 2013, against Defendants Germaine Wrencher and the City of Chicago. She amended her Complaint with leave on August 2, 2013. In the Amended Complaint, which names Wrencher, Kazan Wilson, and the City of Chicago as Defendants, Price alleges claims of excessive force, unreasonable search and seizure, battery, a *Monell* claim against the City, and a claim under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102.

Price moves for reconsideration of her motion to preclude discovery pertaining to her Mental Health Information ("MHI") and seeks entry of a protective order in conformity with that position. Price's Motion to Reconsider has been fully briefed. For the reasons stated below, this Motion [34] is denied.

### BACKGROUND

The facts, as they are alleged by Price in the Amended Complaint, are as follows: Price was lawfully walking in downtown Chicago, when she was approached by Defendant Officers Wrencher and Wilson, who asked her if anything was wrong, to which Plaintiff responded "no."

(Am. Compl. ¶¶ 9-10.)  Price kept walking, and the Defendant Officers followed Price for a few blocks, before pulling over and ordering her to come to their vehicle.  (*Id.* ¶¶ 10-11.)  Price refused and kept walking; Defendant Officers exited their vehicle, grabbed Price, and slammed her against their SUV.  (*Id.* ¶ 12.)  This action caused a fracture to Price's shoulder area.  (*Id.*)  Price received medical treatment for her fracture and was never charged with a crime.  (*Id.* ¶¶ 15, 17.)  Price alleges claims of excessive force, unreasonable search and seizure, battery, a *Monell* claim against the City, and a claim under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102.[1]

In Defendants' Answer to the Amended Complaint, the City of Chicago admits, upon information and belief, "that the individual defendants responded to a call of a woman assaulting customers in a Dunkin Donuts, by swinging a metal belt and talking incoherently.  Once they located Plaintiff, who had fled the scene, the individual defendants attempted to intercept Plaintiff . . . ."  (Answer to Am. Compl. ¶ 10.)  The City further raised, as an affirmative defense, that Price had a duty to mitigate her damages.  (Affirmative Defenses ¶ 3.)

At a hearing before the Court on August 29, 2013, Price's motion to preclude discovery regarding her MHI was deemed moot, and the parties were asked to submit a revised draft protective order.  That revised protective order was entered by the Court on September 5, 2013.  Price moved for reconsideration of that protective order and the ruling regarding discovery of her MHI the following day.

---

[1] In the Original Complaint, Price asserted a claim of intentional infliction of emotional distress.  However, this claim was not asserted in Price's Amended Complaint and is not considered for purposes of this Motion.

## LEGAL STANDARD

Price moves for reconsideration under Fed. R. Civ. P. 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill.1997)). Rather, a manifest error exists where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation and citation omitted). Otherwise, reconsideration is proper only where "a controlling or significant change in the law or facts since the submission of the issue to the Court" has occurred. *Mitchell v. JCG Industries*, 842 F. Supp. 2d 1080, 1083 (N.D. Ill. 2012).

The Seventh Circuit reviews district court rulings on Rule 59(e) motions only for abuse of discretion. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

## ANALYSIS

In Price's Motion for Reconsideration, she contends that by allowing discovery into her MHI, the Court committed a manifest error of law. In particular, Price asserts the Court's rationale that, "[a]s a general rule, the plaintiff in filing an action such as this puts her mental

3

health condition at issue and generally discovery is permitted" is a manifest error of law. (Mot. at 2.) Price contends that discovery of this MHI is privileged because Price has not put her psychological state at issue. (Mot. at 3.)

To be sure, federal courts recognize a psychologist-patient privilege that shields confidential communications between a therapist and a patient during treatment. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) ("[W]e hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."). However, after the United States Supreme Court's ruling in *Jaffee*, "courts have been unanimous in holding that a party may surrender the psychotherapist-patient privilege by affirmatively placing his or her psychological state at issue in the suit." *Flowers v. Owens*, 274 F.R.D. 218, 223 (N.D. Ill. 2011) (citations omitted).

As Magistrate Judge Cole explained in his *Flowers* opinion, courts are divided as to when a party waives this privilege. A few courts find waiver "whenever emotional distress damages of any kind are sought," while others only find waiver where the emotional distress claims are "severe." *Flowers*, 274 F.R.D. at 223-24 (collecting cases). The Seventh Circuit has opined that the psychotherapist-patient privilege is not absolute. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). Rather, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Id.* The purpose of this waiver is to prevent a party from putting forth psychological issues in a case while simultaneously seeking to prevent discovery relevant to those issues. *Flowers*, 274 F.R.D. at 225.

In the Amended Complaint, Price refers to the emotional damages she suffered as a result of her encounter with Defendant Officers multiple times. As a result of Defendant Officers' purported use of excessive force, Price asserts she "suffered severe emotional and physical trauma." (Am. Compl. ¶ 21.) Price further alleges the purported unreasonable search and seizure by Defendant Officers "caused the Plaintiff extreme emotional and physical trauma." (*Id.* ¶ 24.) In asserting her claim of battery, Price alleges she "suffered extreme physical and emotional harm." (*Id.* ¶ 28.) By alleging she suffered "extreme" and "severe" emotional harm and trauma, it is apparent Price is seeking damages, at least in part, for her emotional distress. In describing her injuries caused by Defendant Officers in this manner, Price has brought her psychological state at issue in this suit, such that Defendants are entitled to discovery with respect to her MHI. Accordingly, Price has failed to demonstrate that the previous ruling resulted in a manifest error of law, and Price's Motion for Reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Price's Motion for Reconsideration [34] is denied.

Date: January 21, 2014

JOHN W. DARRAH
United States District Court Judge

5