UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE PRICE, | ) |
| Plaintiff, | ) |
| v. | ) |
| GERMAINE WRENCHER, | ) Case No. 13-cv-1785 |
| KAZAN WILSON, | ) |
| and the CITY OF CHICAGO, | ) Judge John W. Darrah |
| Defendants. | ) |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Price filed an Amended Complaint on August 2, 2013, against Defendants Germaine Wrencher, Kazan Wilson, and the City of Chicago, alleging claims of excessive force, unreasonable search and seizure, battery, a *Monell* claim against the City, and a claim under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102. On August 22, 2013, Price moved to preclude discovery of her mental health information ("MHI"); this motion was deemed moot after oral argument. Price then moved to reconsider the denial of her motion to preclude. On January 21, 2014, Price's motion to reconsider was denied.

On March 6, 2014, Defendants filed a motion to compel supplemental discovery of Price's MHI. Defendants' Motion to Compel was granted on April 9, 2014. Currently pending are Defendants' Motion for Sanctions and Motion for Protective Order. The Motion for Sanctions has been fully briefed, and Price has failed to respond to the Motion for Protective Order. For the reasons stated below, the Motion for Sanctions [52] is granted, and the Motion for Protective Order [55] is denied.

**BACKGROUND**

Price alleges that she was walking along the sidewalk when Wrencher and Wilson pulled alongside her in a police SUV. (Am. Compl. ¶¶ 9, 10.) When Price refused Wrencher and Wilson's order to come to their vehicle, Wrencher and Wilson exited their vehicle, grabbed Price, and injured her arm while attempting to force her into their SUV. (*Id*. ¶¶ 11, 12.) These acts are alleged to have caused Price "severe emotional and physical trauma."[1] (*Id*. ¶¶ 21, 24, 28.)

Price moved for a protective order precluding discovery of her MHI, and Defendants moved for a protective order of their own. On August 29, 2013, both protective orders were deemed moot; and the parties were ordered to resubmit agreed protective orders. The protective orders were entered on September 5, 2013, and the following day Price moved to reconsider the discovery of her MHI.

On January 21, 2014, Price's motion to reconsider was denied. Yet, the MHI that Price subsequently produced was insufficient. (Mot. for Sanctions at 6.)[2] On January 22, 2014, Defendants wrote to Price and informed her that they believed Price's objections to written discovery were improper, and requested amended responses within fourteen days. (*Id*.) On February 11, 2014, having received no response, Defendants' counsel called Price's counsel and spoke with a paralegal in Price's counsel's absence. (*Id*.) The paralegal requested discovery be

---

[1] A more complete account of the underlying facts is available in the previous Memorandum Opinion and Order. (Dkt. No. 44.)

[2] In large part, Price concedes to Defendants' version of events. Any material disputes are so designated.

extended an additional week, and Defendants' counsel agreed, but no motion for extension of time was ever filed. (*Id*. at 7.)

After Price failed to produce supplemental responses, or to file a motion to extend time for discovery, Defendants filed a motion to compel or dismiss for want of prosecution on March 6, 2014. A hearing was held on March 20, 2014, and Defendants' motion to compel was granted.

On April 23, 2014, Defendants filed the instant Motion for Sanctions, seeking dismissal of the Amended Complaint for want of prosecution and an award of attorneys' fees and costs for failure to comply with this Court's orders. Six days later, Price issued two notices of deposition for Wilson and Wrencher, nearly six months after the close of discovery.[3] In reponse, Defendants filed the instant Motion for Protective order, preventing Price from deposing Wrencher and Wilson.[4]

**LEGAL STANDARD**

Generally, when a plaintiff fails to prosecute her case, the defendant may move the court to dismiss the action. Fed. R. Civ. P. 41(b). Dismissal is specifically available when a plaintiff violates a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). The sanction of dismissal is an extreme measure that should be reserved for "situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v.*

---

[3] Discovery was ordered closed on December 2, 2013. (Dkt. No. 14.) After an initial written discovery request was issued by Price to Defendants on July 1, 2013 – to which Defendants responded on August 8, 2013 – Price made no request to further supplement or depose Defendants until after Defendants issued a notice of deposition to Price in anticipation of a ruling on Price's motion to reconsider.

[4] As stated above, despite a briefing schedule requiring Price's response to Defendants' Motion for Protective Order by June 6, 2014, Price did not file a response until her attempt to do so *instanter* on June 24, 2014.

3

*Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)). However, when dismissal is considered specifically for violations of discovery rules, a court may apply the sanction "with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003) (citations omitted).

As an alternative, or in addition, to dismissal, a court may order reimbursement of attorneys' fees occasioned by a discovery violation. Fed. R. Civ. P. 37(c)(1); *Maynard*, 332 F.3d at 471. "The great operative principle of Rule 37(a)(4) [prohibiting evasive or incomplete disclosure] is that the loser pays." *Rickles v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (citations omitted). Yet, "[a] loser may avoid payment by establishing that his position was substantially justified." *Id.* at 787.

**ANALYSIS**

Price argues two reasons why she should not be sanctioned for her failure to comply with the Court's order compelling supplemental discovery: (1) that her objection to discovery of MHI was made in good faith and (2) that her intial disclosure satisfied Defendants' vague supplemental discovery requests.

There is no indication in the record that Price initially opposed discovery of MHI for any other reason than because she felt the information was both privileged and irrelevant. As set out more fully in the Memorandum Opinion and Order denying Price's motion to reconsider (Dkt. No. 44), Price's arguments were unavailing; but, there is no clear indication they were offered to delay. Once the motion to reconsider had been denied and Defendants' motion to compel had been granted, however, Price was required to comply with Defendants' discovery request.

Rule 37 requires a violation of a judicial order before sanctions may be imposed. It is clear from the uncontested facts that even after Price's motion to reconsider was denied, she proceeded as though her MHI was not discoverable. Price argues that she disclosed "all that was in [her] possession." (Pl.'s Response at 5.) But Price's own conduct belies that assertion.

Price continues to argue the relevance of her MHI. In fact, a significant portion of her Response to the instant Motion for Sanctions is devoted to arguing why Wilson and Wrencher's knowledge of her mental health could not be used to support her arrest. Price also identifies a "Production" CD her counsel disclosed, which Defendants acknowledge receiving. However, Defendants assert that the CD was not accompanied by any description of the contents or instructions explaining how to find relevant information and, therefore, was not responsive to Defendants' discovery requests.

Defendants draw particular attention to inconsistencies in Price's attestation attached to the document entitled "Plaintiff's Supplemental Responses to Defendants' First Set of Production Requests." ("Supplemental Responses") The attestation is dated August 14, 2013; yet, the Supplemental Responses are dated March 27, 2014. Defendants argue that Price could not have attested to responses she had not yet given. Price's counsel argues that Price attested to the information within the Supplemental Responses on August 14, 2013, but that he would not release Price's responses until the motion to reconsider whether Price's MHI was discoverable had been ruled upon. Defendants argue that this suggests there was potentially privileged information in the supplement which should have been revealed once the motion to reconsider was denied. Yet, once Price's motion to reconsider had been denied, Price supplemented only one interrogatory, stating "Plaintiff identifies no additional individuals, including health care providers, responsive to the request." (Defs.' Mot. for Sanctions at 9.) Defendants' argument

is compelling: if Price's counsel's assertion of privilege was valid, the denial of the motion to reconsider should have resulted in discovery of responsive material subject to a claim of privilege, not a single supplemental response in no way involving the issue of privilege.

Considered in the context of this unnecessarily extended discovery dispute, Price's counsel's actions in failing to comply must now be seen as willful and could arguably support dismissal under Rule 37. However, as set out above, Rule 37 also requires an explanation of why lesser sanctions would be ineffective. Defendants have not offered anything to satisfy this last requirement. Therefore, a lesser sanction shall be imposed. A party violating a discovery order may be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed R. Civ. P. 37(b)(2)(A)(ii).

Finally, Price failed to timely respond to Defendants' instant Motion for Protective Order to bar the deposition of Wrencher and Wilson. Yet, Price has attempted to explain why she has not completed these depositions. In her response, filed eighteen days late, Price states that Defendants have failed to disclose a "911 CD" related to the underlying events of this case, which Price argues is necessary to properly depose these defendants. Moreover, Defendants have shown no prejudice or harm by allowing Wrencher and Wilson to be deposed. Accordingly, Defendants' Motion for Protective Order is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Sanctions [52] is granted to the extent provided in Rule 37(b)(2)(A)(ii). Defendants shall submit a proposed order, specifying which claims they believe Price should be prohibited from asserting or defending as a result of her discovery violations. Plaintiff's Motion to File *Instanter* Plaintiff's Response [63] is granted. Defendants' Motion for Protective Order [55] is denied.

Date:    8/27/2014                                                                                   
JOHN W. DARRAH
United States District Court Judge