UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JACQUELINE PRICE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-1785 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendants have moved for sanctions pursuant to Federal Rule of Civil Procedure 37 and 41, arguing that Plaintiff's *Monell* claim should be dismissed due to failing to cooperate in discovery and failing to prosecute her claim. Plaintiff Jacqueline Price has moved to file a Third-Amended Complaint based on discovery related to her *Monell* claim.

## **BACKGROUND[1]**

Plaintiff filed her original Complaint, including a *Monell* allegation, on March 7, 2013. (Dkt. 1.) On July 9, 2013, fact discovery was set to end on December 2, 2013, and expert discovery was set to end on January 27, 2014. (Dkt. 19.) Defendant City of Chicago sent its first set of interrogatories and document production requests to Plaintiff on July 2, 2013. (Dkt. 112-1.) Plaintiff's responses to the interrogatories and document production requests were served on Defendants on February 6, 2014. (Dkt. 112-2.) The first interrogatory and response were as follows:

---

[1]As these particular motions relate to the procedural history of the case, the substantive background will not be discussed. A more substantive factual background can be found in the rulings on previous motions for sanctions.

INTERROGATORY NO. 1:
In paragraph 30(a) of the Complaint ("Complaint"), Plaintiff alleges that Defendants Wrencher and Wilson acted "pursuant to one or more . . . informal policies, practices and/or customs of Defendant City of Chicago through its Police Department . . . allowing and encouraging its police personnel to conduct physically coercive warrantless seizures absent exigent circumstances . . ."

(a) Please define with specificity the nature of "the physically coercive seizures" in Count IV.

(b) Please state with specificity the evidence upon which Plaintiff relies in support of the allegations that on and before January 29, 2013, the City had a policy, practice, or custom of "allowing and encouraging" police officers to engage in the alleged conduct, as alleged in paragraph 30(a) of Plaintiff's Complaint and as it pertains to "the physically coercive seizures" in Count IV (as that misconduct is defined in answer to subpart (a) above).

(c) For the policy and practice of "allowing and encouraging" the alleged conduct in paragraph 30(a) of Plaintiff's Complaint and as it pertains to the conduct alleged in Count IV (as that misconduct is defined in answer to subpart (a) above), please state with specificity the evidence upon which Plaintiff relies that on and before January 29, 2013, the City's final policymaker was deliberately indifferent to this policy and practice.

(d) For the policy and practice of "allowing and encouraging" the alleged conduct in paragraph 30(a) of Plaintiff's Complaint, and as it pertains to conduct alleged in Count IV (as that misconduct is defined in answer to subpart (a) above), please state with specificity the evidence upon which Plaintiff relies that this policy and practice was the proximate cause of the constitutional violation(s) Plaintiff allegedly suffered in this case.

ANSWER: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion. Additionally, the subject matter of this request calls for dialogue best suited for oral discovery. Without waiving said objection:

a. The City of Chicago's (COC) police personnel conducts physically coercive warrantless searches and seizures absent exigent circumstances during informal police-civilian interactions. Where lawful citizens are handcuffed, displaced, and arrested against their will under the threat of force; such acts are physically coercive seizures.

b. & c. Evidence Plaintiff will rely on in support of the allegations that on and before January 29, 2013, the City had a policy, practice, or custom of "allowing and encouraging" police officers to engage in the alleged conduct will include but not limited to complaint register histories of COC officers including the instant Defendants' histories; lawsuits against COC, including the instant defendants,

> showing a pattern of similar violations against citizens including Plaintiff and similarly situated as Plaintiff; internal affairs memoranda listing department-wide complaint history of officers showing a pattern of similar violations against citizens including Plaintiff and others similarly situated as Plaintiff; annual reports of agents of COC showing lack of disciplinary action or training on the part of COC against its violating officers, including defendants, which encourages and allows the violations complained of; an October 2012 report by the Chicago Justice Project showing lack of disciplinary action or training on the part of COC against its violating officers, including defendants, which encourages and allows the violations complained of. The investigation continues.

(Dkt. 112-2, pps. 4-5.)

On August 13, 2014, Plaintiff's motion to extend discovery was granted, and discovery was set to close on August 27, 2014. (Dkt. 70.) Plaintiff was sanctioned on August 27, 2014 for failing to comply with an order granting Defendant's Motion to Compel. (Dkt. 72.) Discovery was again extended on January 27, 2015, and set to close on November 3, 2015. (Dkt. 86.)

On September 14, 2015, Defendants sent a letter to Plaintiff pursuant to Local Rule 37.2, advising that Plaintiff's responses to discovery requests were insufficient. (Dkt. 112-3.) The letter stated that Plaintiff's responses were "vague and overly broad." (*Id.*) The letter averred that Defense counsel had contacted Plaintiff's counsel on March 4, 2014, asking Plaintiff to supplement the responses, but that request was refused. (*Id.*) On September 24, 2015, Defendants filed a motion to dismiss for lack of prosecution and for failure to engage in discovery. On October 19, 2015, Plaintiff filed a motion to compel production of 30(b)(6) deponents. (Dkt. 120.) The motion alleged that the subpoena had been sent to Defendants on September 30, 2015, but, at an October 8, 2015 status hearing, Defendants asserted that they had not received the subpoena. The motion stated: "Plaintiff needs to develop more information regarding her *Monell* claim." (*Id.*, p. 4.) On October 20, 2015 Plaintiff was ordered "to comply with interrogatories, as set forth specifically on the record, on or before 10/27/15." (Dkt. 122.) As of October 29, 2015, Defendants had not received amended responses to their interrogatories.

3

Plaintiff responded to an e-mail regarding the lack of amended responses: "If you believe that our client's answers to any of her interrogatories, please send us a real Rule 37.2 letter specifying the alleged defects." (Dkt. 126-2.) Plaintiff's proposed Third Amended Complaint amends the *Monell* claim as follows:

> 40. The individual defendants WRENCHER and WILSON acted pursuant to one or more of the following interrelated informal policies, practices and/or customs of Defendant City of Chicago through its Police Department ("Department"):
>
>> a) Failing to undertake the Crisis Intervention Team ("CIT") training, teaching officers to recognize mental illness, how to interact with the mentally ill, and how to de-escalate situations involving suspects and/or subjects who need psychological or psychiatric evaluation, formally offered by the Department since 2004.
>>
>> b) Not calling for a CIT trained officer to intervene in a situation once the officers recognize that the suspect is mentally ill;
>
> 41. The interrelated policies, practices and/or customs as set forth above were maintained by the City and its Police Department with deliberate indifference, proximately causing the injuries suffered by Plaintiff.

(Dkt. 138-1, ¶¶ 40-41.)

**LEGAL STANDARD**

Rule 37 of the Federal Rules of Civil Procedure permits sanctions for a litigant's failure to cooperate in the discovery process. Where a party fails to obey a court order directing it to provide or permit discovery, the district court may strike pleadings, in whole or in part, or dismiss the action or proceeding, in whole or in part. Fed. R.Civ. P. 37(b). Rule 37(d) authorizes a court to impose similar sanctions for failing to serve answers or objections to interrogatories. *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982).

Rule 41 of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss the action or any claim against it if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

**ANALYSIS**

In order to dismiss a claim pursuant to Rule 37, there must be "a finding of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Factors considered in this analysis are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense." *Sayles v. Indiana Dep't of Corr.*, No. 11-CV-427, 2013 WL 2403464, at *2 (N.D. Ind. May 31, 2013) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

As to the first factor, it is unclear what Plaintiff's personal responsibility is. As to the second factor, Defendants have been prejudiced by the lack of discovery into the *Monell* claim as discovery closed on November 3, 2015, after being extended several times. Furthermore, Plaintiff was advised that the answers to interrogatories were insufficient by at least March 4, 2014. Defendants also filed a motion to dismiss Plaintiff's *Monell* claim on September 24, 2015. As far as the Court is aware, there has been no attempt to supplement the answers to interrogatories, despite the Court's order to do so on October 20, 2015. As to the third factor, Plaintiff has shown a history of dilatoriness. Plaintiff did not respond to Defendants' discovery requests until February 6, 2014. Plaintiff was also sanctioned for failing to turn over mental health information after the Court granted Defendants' motion to compel. Plaintiff argues that she could not comply with the order to supplement before the depositions were taken. However,

discovery was open for over two years; and Plaintiff's claims that only one course of discovery could be completed at a time is unpersuasive. As to the fourth factor, Plaintiff's behavior appears willful when the extensive history of non-compliance with discovery and the steadfast refusal to supplement the answers to interrogatories is considered. Additionally, there were misrepresentations of the record in previous discovery motions. For the fifth factor, Plaintiff has been sanctioned before, although for a different discovery issue.

As to the merit of the claim, the proposed Third Amended Complaint alleges that the individual officer Defendants were following an informal policy of not taking police training offered by the Police Department and an informal policy of not calling an officer who has received that training. "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Plaintiff alleges individual violations pursuant to an informal policy. There is no allegation of an express policy, a widespread practice, or an allegation that the injury was caused by a final policy maker.

There is some debate over whether the appropriate standard for dismissal under Rule 37 is clear and convincing evidence or a lesser standard. *See Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008). However, under either standard, dismissal of Plaintiff's *Monell* claim is appropriate under Rule 37.

Dismissal under Rule 41 is appropriate "where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser*, 757 F.3d 695, 699 (7th Cir. 2014). Factors to be considered include: "the

frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Most of these factors were discussed in the above analysis under Rule 37. The unique factor in Rule 41 is the consequences of dismissal for the social objectives that the litigation represents. Given that there is no alleged express or widespread policy, and that Plaintiff alleges the Defendant officers failed to take a class that the Department provides, the consequences of dismissal for the social objectives are minimal. Therefore, dismissal of Plaintiff's *Monell* claim is also appropriate under Rule 41. Defendants' Motion for Sanctions is granted.

Defendants also request a monetary penalty. However, dismissal of a claim under Rule 41 operates as an adjudication on the merits; and "the American Rule is generally that prevailing parties are not entitled to fees, even where a full adjudication on the merits has taken place." *Maynard*, 332 F.3d at 471.

Plaintiff has moved to file a Third Amended Complaint. The Third Amended Complaint appears to be a reorganized version of the Second Amended Complaint, except for the *Monell* claim. If leave was given to file the Third Amended Complaint, then a new answer would need to be filed, thus increasing the amount of time before the merits of the case can be addressed. This case has been pending for almost three years; and a Third Amended Complaint is unnecessary, given the dismissal of Plaintiff's *Monell* claim. Therefore, Plaintiff's Motion to File a Third Amended Complaint is denied.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion for Sanctions [128] is granted; and Plaintiff's *Monell* claim is dismissed with prejudice. Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint [138] is denied.

Date:      January 26, 2016                                    _____
                                                               JOHN W. DARRAH
                                                               United States District Court Judge