UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE PRICE, | ) |
| Plaintiff, | ) Case No. 13-cv-1785 |
| v. | ) |
| | ) Judge John W. Darrah |
| CITY OF CHICAGO, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Price filed a Second Amended Complaint ("SAC") against the City of Chicago and two police officers, Germaine Wrencher and Kazan Wilson ("Defendant Officers"). The SAC alleges eleven counts of constitutional violations and violations of state law. Defendants filed a Motion for Summary Judgment that was granted on all counts. Plaintiff filed a Motion to Alter or Amend Judgment [168] pursuant to Federal Rule of Civil Procedure 59. Plaintiff's Motion [168] is denied.

## BACKGROUND

On January 29, 2013, Defendant Officers were dispatched to a Dunkin' Donuts in response to a 911 call, which stated that a female was swinging a belt at people as they walked past her. The officers received a description of the suspect, who was an African-American female wearing a purple shirt and blue jeans. The officers saw Plaintiff, who matched the description and was talking to herself and swinging a leather belt. The officers approached and asked Plaintiff to stop. Plaintiff refused, told the officers to get away from her, and walked away from the officers.

The officers attempted to take Plaintiff into custody. Wrencher grabbed Plaintiff's right wrist with one of his hands and used his other hand to hold Plaintiff's elbow. Plaintiff lost her

balance, and her body went forward with her right arm behind her.  There was a noise like a popping noise or a loud crack, and Plaintiff's arm went limp.  Wilson called an ambulance, which arrived within minutes and took Plaintiff to Northwestern Memorial Hospital, where Plaintiff was taken into the emergency room.

At the hospital, Wilson requested an evaluation of Plaintiff's mental health.  Plaintiff did not receive a psychological evaluation from any doctor at Northwestern.  Plaintiff was diagnosed with a closed greenstick fracture of her right humerus.  After she was treated, Plaintiff was released from Northwestern with her belongings.  On January 30, 2013, Plaintiff was admitted to Mercy Hospital for psychological reasons.  Defendants were not involved in Plaintiff's admission to Mercy Hospital.

Defendants filed a Motion for Summary Judgment which was granted.

## LEGAL STANDARD

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).  A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Plaintiff argues that there is a genuine dispute over whether Wrencher used excessive force when taking Plaintiff into custody.  Plaintiff contends that a trier of fact would have to believe that Wrencher grabbed her arm but did not apply force *or* believe that Wrencher used

2

sufficient force to cause Plaintiff's greenstick fracture. For this contention, Plaintiff relies on her definition of a greenstick fracture, which she found on a website[1]. However, as stated in the ruling on summary judgment, facts that rely on inadmissible hearsay are disregarded for the purposes of summary judgment. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Further, Plaintiff's greenstick fracture is not necessarily incompatible with Wrencher's version of events. Plaintiff's hearsay definition of greenstick fracture did not create a genuine issue of material fact. *See Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) ("[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial.").

In her reply brief, Plaintiff argues, for the first time, that finding the use of an "arm bar" technique objectively reasonable was error. As an initial matter, arguments raised for the first time in a reply brief are waived. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002). The "arm bar" and "wrist lock" techniques are "minimally forceful techniques designed to subdue non-compliant subjects and prevent escalation." *Fitzgerald v. Santoro*, 707 F.3d 725, 734 (7th Cir. 2013). Plaintiff refused to speak to the officers while speaking to herself in gibberish and swinging a belt. The officers had also been informed that Plaintiff was frightening customers in a Dunkin' Donuts by swinging her belt around. Wrencher was reasonable in using a minimally forceful technique to subdue a non-compliant subject.

Plaintiff did not provide facts such that a reasonable jury could return a verdict in her favor. Summary judgment is inappropriate when "the evidence is such that a reasonable jury

---

[1] A greenstick fracture is caused when "force applied to a bone results in bending of the bone such that the structural integrity of the convex surface is overcome."

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Amend or Alter Judgment [168] is denied. The civil case is closed.

Date: _____September 13, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge